UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACOB JOHN SINGER, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:21-478 |
| v. | : | (JUDGE MANNION) |
| TROOPER DANIEL THOMPSON, CPL. CHARLES PHELPS and TROOPER JAMES POLISKIEWICZ, | : : : | |
| Defendants | : | |

# O R D E R

Pending before the court is the report and recommendation of Magistrate Judge Martin C. Carlson, which recommends that the defendants' motion for summary judgment be granted. (Doc. 21). The plaintiff has filed objections to the report (Doc. 22) to which the defendants have replied (Doc. 23). Based upon the court's review of the record, including the video evidence, the report and recommendation will be adopted in its entirety as the opinion of the court.

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); *Brown v.*

*Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel,* 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. Fed.R.Civ.P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

On March 17, 2021, plaintiff brought the instant civil rights action in which he sets forth a Fourth Amendment excessive force claim and a due process state-created danger claim in relation to an encounter he had with the defendants on September 28, 2019. Defendants moved for summary

judgment. Upon review of the record in this case, including the dash camera video which captured the entire encounter either visually or audibly, Judge Carlson determined that both of the plaintiff's claims fail as a matter of law. Therefore, he recommends that the defendants' motion for summary judgment be granted.

Plaintiff has filed objections to Judge Carlson's report. In his objections, plaintiff challenges Judge Carlson's reliance on *Scott v. Harris*, 550 U.S. 372 (2007) for the standard in reviewing the dash camera video, arguing that the legal view in that case is flawed. Despite plaintiff's objection, *Scott v. Harris* is the law and provides that, where events at issue have been captured on videotape, as is the case here, the court must consider that videotaped evidence in determining whether there is any genuine dispute as to material facts. *Id.* at 380-81. Moreover, the court must view the facts in the light depicted by the videotape. *Id.* (relying on a videotape in assessing summary judgment evidence and admonishing that the lower court "should have viewed the facts in the light depicted by the videotape.").

Plaintiff further objects to Judge Carlson's characterization that he hit the officer's vehicle, instead arguing that he was already past the officer when the officer swung his door open and made contact with plaintiff's

motorcycle knocking him to the ground. In this regard, the video speaks for itself and is as Judge Carlson depicts it.

Next, plaintiff objects to Judge Carlson's reference to the taser deployment as being a "single burst," arguing that he sustained two separate shots into his head. Initially, defendants concede that two officers deployed their tasers, each with a single burst. Moreover, it is clear from Judge Carlson's report that he, in fact, understood from the evidence of record, including information coming from the dash camera audio and the taser report provided by plaintiff, that there was more than one taser deployed at plaintiff. Specifically, Judge Carlson acknowledges that two police officers deployed "**their tasers**," but each as a single burst.

Relatedly, plaintiff objects to Judge Carlson's characterization of the use of the tasers as "non-lethal" force and objects to the finding that use of a taser on a fleeing suspect was reasonable. As to the use of tasers specifically, numerous courts of appeals, including the Third Circuit, "ha[ve] approved the use of taser guns to subdue individuals who resist arrest or refuse to comply with police orders." *Brown v. Cwynar*, 484 F. App'x 676, 680 (3d Cir. 2012) (affirming district court grant of qualified immunity to police officer who tased 73-year-old man who refused to give officer his car keys); *Grab v. Columbia Borough*, 2022 WL 103350, at *7 (E.D. Pa. Jan. 10, 2022)

(citing *Estep v. Mackey*, 2016 WL 1273249, at *2 (W.D. Pa. Mar. 31, 2016) ("*Estep II*") (granting qualified immunity on remand to police officer who deployed taser when plaintiff attempted to run away while being escorted to police station); *McNeil v. City of Easton*, 694 F.Supp.2d 375, 393-95 (E.D.Pa. 2010) (citing *Wargo v. Municipality of Monroeville*, 646 F.Supp.2d 777, 786 (W.D.Pa. 2009) ("[e]ven if a plaintiff is not armed, it is reasonable for law enforcement officers to employ multiple rounds of non-lethal force if necessary to effectuate an arrest"); *Gruver v. Borough of Carlisle*, 2006 WL 1410816 at *5 (M.D.Pa. May 19, 2006) (holding that police officers attempting to restrain unarmed plaintiff who appeared to be intoxicated or in distress did not use excessive force when, in order to protect plaintiff, themselves, and others, they deployed taser three times). Based upon the record as a whole, including the dash camera video and audio, the court finds Judge Carlson's findings with respect to the reasonableness of the deployment of tasers are supported by the record.

Plaintiff next objects to Judge Carlson's claim that his injuries came from him falling to the ground when he was tased. Instead, he argues that the injuries were caused by the excessive force of defendants. Upon review, the plaintiff's claims are not supported by the record. In fact, the audio portion of the dash camera video captures the interaction between plaintiff and

- 5 -

defendants after plaintiff left his motorcycle and attempted to flee the scene on foot. There is no dispute that two officers deployed their tasers at the plaintiff as he attempted to do so, and that plaintiff fell to the ground upon being hit with the tasers. Defendants can then be heard on the audio calling EMS and attempting to assist plaintiff. There are no heated words or exchanges. Instead, defendants calmly advise plaintiff to follow their directives until EMS arrives so that he does not incur any further injury. The only evidence of record indicates that the plaintiff's injuries were incurred when he fell from being tased.

Finally, plaintiff objects to the fact that Judge Carlson found that he was not seized when he was struck by the officer's car door. The record demonstrates, however, that the plaintiff had not been seized. In fact, the record demonstrates that plaintiff continued to flee on foot after an officer pulled his patrol car in front of plaintiff's motorcycle in an attempt to get him pulled over.

In light of all of the foregoing, plaintiff's objections are without merit. Moreover, the court agrees with the reasoning provided by Judge Carlson in support of his findings relating to the defendants' motion for summary judgment and his ultimate conclusion that defendants are entitled to judgment as a matter of law. Therefore, plaintiff's objections will be overruled

and Judge Carlson's report and recommendation will be adopted in its entirety as the decision of the court.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** The plaintiff's objections **(Doc. 22)** are **OVERRULED**.

**(2)** The report and recommendation of Judge Carlson **(Doc. 21)** is **ADOPTED IN ITS ENTIRETY** as the decision of the court.

**(3)** The Clerk of Court is directed to enter **JUDGMENT IN FAVOR OF THE DEFENDANTS AND AGAINST THE PLAINTIFF**.

**(4)** The Clerk of Court is directed to **CLOSE THIS CASE**.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: September 28, 2022**
21-478-01